IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

MICHAEL McGRATH )
)
v. ) NO. 3-12-0201
) JUDGE CAMPBELL
HONKY TONK, INC. )

MEMORANDUM

Pending before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint (Docket No. 13). For the reasons stated herein, Defendant's Motion is DENIED.

FACTS

Plaintiff's Complaint is brought pursuant to the Americans with Disabilities Act ("ADA"). Plaintiff asserts that he is a qualified individual with a disability under the ADA. He alleges that Defendant's place of business, Roberts Western World, is in violation of the ADA and thereby discriminates against Plaintiff and others similarly situated by denying full, safe and equal access to its property. Plaintiff claims seven specific violations of the ADA by Defendant and seeks declaratory and injunctive relief. Defendant argues that Plaintiff has no standing to bring this action and fails to state a claim for which relief can be granted.

MOTIONS TO DISMISS

For purposes of a motion to dismiss, the Court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id.* A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id*. at 1950. A legal conclusion couched as a factual allegation need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient. *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010).

STANDING

To satisfy Article III's standing requirements, a plaintiff must show: (1) he has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 120 S.Ct. 693, 704 (2000); *Aiken v. Hackett*, 281 F.3d 516, 519 (6th Cir. 2002). Defendant contends that Plaintiff's Complaint does not allege sufficient facts for injury to confer standing.

The party invoking federal jurisdiction bears the burden of establishing these elements. *Lujan v. Defenders of Wildlife*, 112 S.Ct. 2130, 2136 (1992). At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss, as opposed to a motion for summary judgment, the court presumes that general allegations embrace those specific facts that are necessary to support the claim. *Id*., 112 S.Ct. at 2137.

For purposes of an Article III standing analysis, an "injury in fact" means an invasion of a legally protected interest. *Id.* When seeking declaratory and injunctive relief, a plaintiff must show

2

actual present harm or a significant possibility of future harm. *Grendell v. Ohio Supreme Court*, 252 F.3d 828, 832 (6th Cir. 2001). To meet the injury-in-fact requirement, plaintiffs must show that they have sustained or are immediately in danger of sustaining some direct injury as a result of the challenged conduct; the injury or threat of injury must be both real and immediate, not conjectural or hypothetical. *White v. Engler*, 188 F.Supp.2d 730, 742 (E.D. Mich. 2001).

The Court must view the allegations of Plaintiff's Complaint as true. Plaintiff alleges that he visited Defendant's business and was denied full, safe and equal access to the property (Docket No. 1, ¶¶ 3 and 9), that he continues to be unable to enjoy access to the property (*Id.*, ¶ 9), and that he desires and intends to visit the property again. *Id*. Plaintiff's allegations are sufficient, for purposes of a motion to dismiss, to carry his burden of establishing injury under the standards for standing in this case. Defendant may challenge the facts underlying Plaintiff's allegations of standing, but those disputes cannot be considered on a motion to dismiss.

## FAILURE TO STATE A CLAIM

Defendant also argues that Plaintiff's Complaint fails to state a claim upon which relief may be granted. As explained above, for purposes of a motion to dismiss, the Court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id*.

Plaintiff has stated that he visited Defendant's business and was denied full, safe and equal access to the property, that he continues to be unable to enjoy access to the property, and that he desires and intends to visit the property again. Plaintiff has set forth seven specific ways in which he claims Defendant has violated the ADA with regard to its property. The Court finds that

Plaintiff's Complaint is sufficiently specific to state a claim that is plausible on its face. Whether that claim can survive summary judgment, after discovery is complete, remains to be seen.

CONCLUSION

For all these reasons, Defendant's Motion to Dismiss (Docket No. 13) is DENIED.

IT IS SO ORDERED.

/s/ Todd Campbell
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE

4

Case 3:12-cv-00201   Document 22   Filed 05/21/12   Page 4 of 4 PageID #: 168